UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| INVESTMENT RETRIEVERS, INC.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JESUS BERRIOS individually and dba INTERNATIONAL GENETRACE, INC.,<br><br>　　　　Defendant. | Case No: C 10-1168 SBA<br><br>**ORDER REMANDING ACTION** |

　　　Plaintiff, Investment Retrievers, Inc., filed the instant debt collection action against defendant, Jesus Berrios, in San Mateo County Superior Court on August 17, 2009.  In its complaint, Plaintiff alleges that Defendant defaulted on his credit card payments, and owes a principal balance of $2,625.82, and $656.45 in interest.  The Judicial Council form complaint alleges state law causes of action for breach of contract and common counts.  No federal claims are alleged.  On March 19, 2010, Defendant, acting pro se, filed a Notice of Removal.  Though not entirely clear, Defendant appears to predicate the removal on diversity jurisdiction and on the ground that Plaintiff's causes of action sound in admiralty law.   (Notice of Removal at 1.)  He also purports to allege federal counterclaims, presumably as another basis for the removal.  (Id. at 9-10.)

　　　The federal removal statute permits the removal from state court to federal court of cases that might have been filed in federal court originally.  See 28 U.S.C. § 1441(a).  Under section 1441(b), an action may be removed if the complaint alleges "a claim or right arising under the Constitution, treaties or laws of the United States …."  Alternatively, an action may be removed only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  A district court has

"a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir.1999).

The Court has carefully reviewed the Notice of Removal and attachments thereto, and has concluded that removal jurisdiction is absent. The diversity jurisdiction statute confers jurisdiction in cases where the parties are citizens of different states and where the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332. Here, the amount in controversy is approximately $3,300, which is well below the jurisdictional minimum. In addition, Plaintiff filed its complaint as a limited jurisdiction action, meaning that the amount recoverable pursuant to the complaint cannot exceed $10,000. Based on the record presented, it is plain that diversity jurisdiction is absent.

Defendant's Notice of Removal also makes a passing reference to "Admiralty" law, presumably in an attempt to establish that Plaintiff's collection claims arise under federal law. See 28 U.S.C. § 1333 ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of: [¶] (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."). In determining the boundaries of admiralty jurisdiction, the court looks to the purpose of the Congressional grant. Exxon Corp. v. Central Gulf Lines, Inc., 500 U.S. 603, 608 (1991). The fundamental interest giving rise to maritime jurisdiction is "the protection of maritime commerce." Id. (internal quotations and citations omitted); see also Ventura Packers, Inc. v. F/V Jeanine Kathleen, 305 F.3d 913, 917 (9th Cir. 2002) ("Though not confined to vessels, admiralty naturally centers around them, as the great agents of maritime affairs."). This case, however,

does not involve maritime commerce or affairs; it merely involves the collection of a credit card debt.[1]

Defendant also seems to posit that the action is removable based on his purported counterclaims based on federal law.  Specifically, attached to the Notice of Removal are counterclaims which allege that Plaintiff violated the Fair Debt Collection Practices Act and the Privacy Act in the course of attempting to collect the underlying debt.  Notice of Removal at 9-10.  However, it is well settled that a complaint that is based entirely on state law is not removable by virtue of anticipated federal defenses or counterclaims.  See Louisville & Nashville R.R. Co., v. Motley, 211 U.S. 149, 152 (1908) (holding that an anticipated defense may not be used to establish subject matter jurisdiction); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821 (9th Cir. 1985) ("[R]emovability cannot be created by defendant pleading a counterclaim presenting a federal question.") (citations omitted); accord Schwarzer, Tashima & Wagstaffe, Federal Civ. P. Before Trial, § 1.121 at 2B-50 (TRG 2008).  Since Plaintiff's complaint sounds only in state law and there is no basis for diversity jurisdiction, the Court finds that the action is not removable.  Accordingly,

IT IS HEREBY ORDERED THAT, pursuant to 28 U.S.C. § 1447(c), the instant action is REMANDED to the San Mateo County Superior Court.  The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 6/1/10

                                        SAUNDRA BROWN ARMSTRONG
                                        United States District Judge

UNITED STATES DISTRICT COURT

---

[1] Even if the saving to suitors clause set forth in 28 U.S.C. § 1333 were germane, Defendant still would need to demonstrate an independent basis of subject matter jurisdiction in order to remove the action, which he has failed to do.  See Tennessee Gas Pipeline v. Houston Cas. Ins. Co., 87 F.3d 150, 153 (5th Cir. 1996).

FOR THE
NORTHERN DISTRICT OF CALIFORNIA

INVESTMENT RETRIEVERS, INC et al,

      Plaintiff,

 v.

BERRIOS et al,

      Defendant.
_____/

Case Number: CV10-01168 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 2, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Jesus Berrios
20 Nancy Lane
Daly City, CA 94014


Dated: June 2, 2010
                                          Richard W. Wieking, Clerk

                                                   By: LISA R CLARK, Deputy Clerk